UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NANCY THOMAS

VERSUS

CITY OF BAKER & DARNELL
WAITES, in his official and individual
capacity

CIVIL ACTION

NO. 23-193-JWD-SDJ

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss Penalty, Punitive, or Exemplary Damages* (Doc. 6) ("*First Motion to Dismiss*") and the *Motion to Dismiss* (Doc. 8) ("*Second Motion to Dismiss*") filed by Defendants City of Baker and Mayor Darnell Waites, individually and in his official capacity as Mayor of the City of Baker (collectively, "Defendants"). Plaintiff Nancy Thomas ("Plaintiff" or "Thomas") opposes both motions. (Doc. 16, 17.) Defendants filed a reply to the *Second Motion to Dismiss*. (Doc. 22.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' *First Motion to Dismiss* is granted in part and denied in part, and Defendants' *Second Motion to Dismiss* is granted in part and denied in part.

### I. Relevant Factual and Procedural Background

The following factual allegations are primarily taken from Plaintiff's *Complaint*, (Doc. 1). The well-pled allegations are assumed to be true for purposes of this motion. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

Plaintiff is a small business owner who operated a food truck within the city limits of Baker, Louisiana. (Doc. 1 at ¶¶ 6–7.) She began using her food truck in the parking lot of her retail store on May 1, 2021. (*Id.* at ¶ 8.) Plaintiff was informed that she would need to shut her food truck down, as food trucks were not allowed in the city limits of Baker, and she subsequently applied for a business permit on May 17, 2021. (*Id.* at ¶¶ 11–12.) On or around the next day, Mayor Waites, a defendant in this case, issued the permit to Plaintiff. (*Id.* at ¶ 13.) Two weeks later, Mayor Waites revoked the permit due to pressure from city council members. (*Id.* at ¶ 14.) At the end of May, Plaintiff ceased selling food from her food truck. (*Id.* at ¶ 19.)

Plaintiff's application for a business permit was scheduled to go before the Planning and Zoning Commission on June 1, 2021, but the hearing was canceled by the chairman. (*Id.* at ¶ 20.) In June of 2021, there was an attempt by city council members to pass a new ordinance that would allow food trucks in Baker, but that ordinance was not introduced at the July 13, 2021 council meeting. (*Id.* at ¶ 22.) Plaintiff started a petition on October 22, 2021, wishing to show Baker city leadership the public support for food trucks. (*Id.* at ¶ 23.) Mayor Waites told Plaintiff "that she should strive to obtain 250 signatures in order to show public support for allowing food trucks." (*Id.*)

During two city council meetings, on January 11, 2022, and January 25, 2022, a council member commented on how Plaintiff's food truck was in violation of city ordinances. (*Id.* at ¶¶ 24–25.) On February 8, 2022, the city officials were notified in person—and later in writing—by an official from the Louisiana Department of Health that "there were no regulations which prohibited [Plaintiff] from operating a food truck within the City of Baker." (*Id.* at ¶ 26.)

There were two more attempts to introduce a new ordinance that would allow food trucks in Baker; the first attempt was tabled at the March 8, 2022 meeting, and the second was voted

down at the June 28, 2022 meeting. (*Id.* at ¶¶ 27, 29.) On September 14, 2022, Plaintiff attempted to communicate with Mayor Waites through her attorney, asking for written clarification of the ordinance prohibiting food trucks. (*Id.* at ¶ 30.) The council discussed this letter in its meeting on October 11, 2022. (*Id.* at ¶ 31.) The Baker city attorney responded to Plaintiff on October 22, 2022, saying that "there were no prohibitions to operating a food truck business within the City of Baker." (*Id.* at ¶ 32.) After this correspondence, during the first week of November 2022, Plaintiff attempted to obtain a business permit for her food truck. (*Id.* at ¶ 34.) She did not receive this permit and was told by Mayor Waites that she could not get the permit yet. (*Id.*)

On November 8, 2022, the city council adopted an ordinance prohibiting food trucks with limited exceptions. (*Id.* at ¶ 35.) This ordinance was vetoed by Mayor Waites on November 29, 2022. (*Id.* at ¶ 36.) An attempt to override the veto failed on December 13, 2022. (*Id.* at ¶ 37.) Three of the five council members attempted to circumvent the veto, adopting a resolution that would ban food trucks. (*Id.* at ¶ 38.) The city attorney advised the council against this, as resolutions are not law. (*Id.* at ¶ 39.) Plaintiff again inquired about receiving a business permit but was told that she would need to go through the process laid out in § 6-21 of the Baker Code of Ordinances. (*Id.* at ¶ 40.) Plaintiff says that she has still not received a business permit for her food truck. (*Id.*)

Plaintiff filed suit in this Court on March 10, 2023, alleging violations of 42 U.S.C. § 1983 by the City of Baker for allowing city officials to decide which businesses could operate in city limits and denying Plaintiff the ability to operate a legal business, and by the Mayor of Baker, in his official and individual capacity, for refusing to issue a business permit. (*Id.* at ¶¶ 46–63.) Plaintiff also alleged violations of the Fifth and Fourteenth Amendment by the City of Baker for infringing on her right to pursue a lawful occupation. (*Id.* at ¶¶ 64–67.)

3

## II. RULE 12(B)(6) STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 499 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes Dredge*, 624 F.3d at 210 (quoting *Twombly*, 550 U.S. at 555). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe*, 528 F.3d at 418). The Court does "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.' " *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.' " *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679).

The Court's "task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.' " *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010) (citing *Iqbal*, 556 U.S. at 678)). "[A] claim is plausible if it is supported by 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct].' " *Calhoun*

4

*v. City of Hous. Police Dep't*, 855 F. App'x 917, 919–20 (5th Cir. 2021) (per curiam) (quoting *Twombly*, 550 U.S. at 556).

Additionally, "[i]n determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted). "Although a 'court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims,' . . . the court need not do so." *Brackens v. Stericycle, Inc.*, 829 F. App'x 17, 23 (5th Cir. 2020) (per curiam) (quoting *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). *See also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("using permissive language regarding a court's ability to rely on documents incorporated into the complaint by reference").

### III. DISCUSSION

In sum, the Court will grant in part and deny in part both motions. Plaintiff has conceded that the City of Baker and the mayor in his official capacity cannot be subject to punitive damages, but Plaintiff has failed to show that the mayor in his individual capacity is not subject to punitive damages. Plaintiff also concedes to two points from the *Second Motion to Dismiss*, recognizing that a suit against the mayor in his official capacity is redundant and that the Fifth Amendment is not applicable to her case. While the acts Plaintiff pleads are not continuing torts as she claims, there are some actions by the City of Baker and the mayor that have not yet prescribed.

### A. Conceded Arguments

In her memoranda in opposition to both of Defendants' motions to dismiss, Plaintiff concedes several points. First, she concedes that she cannot seek punitive damages against the City of Baker under § 1983, as it is a municipality. (Doc. 16 at 1.) Plaintiff is correct that such damages are not recoverable. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

Second, she concedes that she cannot seek punitive damages against the mayor in his official capacity, as it would be the same as asking for punitive damages from the city. (Doc. 16 at 1.) This too is correct. *See Newport*, 453 U.S. 247.

Third, Plaintiff agrees that her claim against the mayor in his official capacity is redundant to the claim against the City of Baker. (Doc. 17 at 2.) Consequently, this claim will be dismissed. *See Imani v. City of Baton Rouge*, 614 F. Supp. 3d 306, 336–37 (M.D. La. 2022) (citations omitted).

And fourth, Plaintiff concedes that her claims in the *Complaint* arise under the Fourteenth Amendment, not the Fifth. (Doc. 17 at 2.) *See Miranda ex rel. M.M. v. Alexander*, No. 21-535, 2022 WL 832576, at *12 n.14 (M.D. La. Feb. 24, 2022), *report and recommendation adopted*, No. 21-535, 2022 WL 831430 (M.D. La. Mar. 18, 2022) ("The Due Process Clause of the Fifth Amendment is inapplicable in this action, as it applies to the federal government.") (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). Thus, the punitive damages claims against the City of Baker and Mayor Waites in his official capacity, the claim against Mayor Waites in his official capacity, and the Fifth Amendment claim will be dismissed.

### B. Punitive Damages

In her *Opposition* to the *First Motion to Dismiss*, Plaintiff argues that while punitive damages are barred in a suit against Mayor Waites in his official capacity, 42 U.S.C. § 1983 allows

a government official to be sued in his individual capacity for punitive damages. (Doc. 16 at 1.) Defendants did not file a reply to this *Opposition* and did not address punitive damages in the reply that was filed. Because Defendants have not offered any argument opposing the claim for punitive damages against Mayor Waites in his individual capacity, Defendants' *First Motion to Dismiss* is denied in part in this respect. *JMCB, LLC ex rel.*, *v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citation omitted)).

### C. Prescription

#### 1. *Parties' Arguments*

##### a. Defendants' Second Motion to Dismiss (Doc. 8)

Defendants argue in their *Second Motion to Dismiss* that Louisiana Revised Statutes § 26:106 applies to this case. (Doc. 8-1 at 4.) They claim that Plaintiff is actually appealing the denial of her food truck permit, which is subject to the time restrictions in § 26:106. (*Id.*) Revised Statutes § 26:106 provides a ten-day window in which a person may appeal the denial of a permit. (*Id.*) Defendants say that the permit was denied in May of 2021, and Plaintiff did not file the current lawsuit until March of 2023, well past the ten-day window, and thus, the claim has prescribed. (*Id.* at 4–5.)

##### b. Plaintiff's Opposition (Doc. 17)

Plaintiff argues that Revised Statutes § 26:106 is not applicable to the current case, as Title 26 is related to applications for alcohol permits, which was not the type of permit Plaintiff was attempting to obtain. (Doc. 17 at 2.) She says that the actions she alleges in her *Complaint* are all part of a continuing tort, attempting to keep her from operating her business. (*Id.*)

7

c. Defendants' Reply (Doc. 22)

Defendants respond to Plaintiff's argument that the actions alleged in her *Complaint* are all part of a continuing tort by asserting that the actions Plaintiff alleges are discontinuous. (Doc. 22 at 2–3.) They say that even if Plaintiff was experiencing injury past the point that the conduct ended, the actions alleged to have been taken by Defendants do not constitute a continuing tort. (*Id.* at 3.)

### 2. Law and Analysis

Plaintiff is correct that Revised Statutes § 26:106 does not apply to this case, as it is applicable to alcohol permits. Plaintiff has brought this claim under § 1983 and has alleged a violation of her right to due process, and the Court views the *Complaint* in the light most favorable to her.

The prescriptive period on a § 1983 claim is governed by the applicable state's law. *See Crane v. Childers*, 655 F. App'x 203, 204 (5th Cir. 2016). Federal law determines when a § 1983 claim accrues, and a § 1983 claim accrues when "a plaintiff 'knows or has reason to know of the injury which is the basis of the action.' " *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). Courts will look to state law for tolling in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 394 (2007).

In this case, all the actions that are alleged occurred in Baker, Louisiana, so Louisiana law will apply. Louisiana has a one-year prescription period for delictual actions (torts), which applies to § 1983 claims. *Crane*, 655 F. App'x at 204; *see also* La. Civ. Code art. 3492.

Under Louisiana law, if an action is prescribed on the face of the petition, the burden of proof shifts to the plaintiff to prove that prescription was suspended or interrupted. *Taranto v. La. Citizens Prop. Ins. Corp.*, 10-0105 (La. 3/15/11), 62 So.3d 721, 726. Here, several actions taken

by the Defendants happened before March 10, 2022, one year before Plaintiff filed her *Complaint*. Under the general provisions of Louisiana prescription, some of Plaintiff's claims appear on their face to have prescribed. Thus, the burden shifts to Plaintiff to prove that these claims have not prescribed. *See id.*

Plaintiff asserts that her claims fall under the continuing tort exception to the general prescription provisions. (Doc. 17 at 2.) Plaintiff does not cite to any authority to support her position, nor does she go into any detail about why her claims constitute continuing torts. (*Id.*)

In *Williams v. Otis Elevator Co.*, the Fifth Circuit Court of Appeals explained the continuous tort doctrine. 557 F. App'x 299 (5th Cir. 2014) "For the continuous tort doctrine to apply, 'the operating cause of the injury [must] be a continuous one which results in continuous damages.' It does not apply if 'the complained of actions by the defendant were simply the continued ill effects that arose from a single tortious act.' " *Id.* at 301–02 (alteration in original) (quoting *Crump v. Sabine River Auth.*, 98-2326 (La. 6/29/99), 737 So.2d 720, 726, 728–29; *Cooper v. La. Dep't of Pub. Works*, 03-1074 (La. App. 3 Cir. 3/3/04), 870 So. 2d 315, 323).

The Louisiana Supreme Court in *Crump* quoted Professor A.N. Yiannopoulos, stating "When the operating cause of the injury is not a continuous one of daily occurrence, there is a multiplicity of causes of action and of corresponding prescriptive periods." *Crump*, 737 So.2d at 726 (internal quotations omitted) (quoting A.N. Yiannopoulos, *Predial Servitudes*, § 63 (1982)). This principle is also referenced in the official revision comments to Louisiana Civil Code Article 3493. *See* La. Civ. Code art. 3493 cmt. (c). Although *Crump* and the cited section of the treatise by Professor Yiannopoulos dealt with property law, they have been cited to apply to cases outside of this context, including § 1983 claims. *See Bayou Fleet Partnership, LLP v. St. Charles Parish*,

No. 10-1557, 2011 WL 162098 (E.D. La. Jan. 14, 2011) (Lemelle, J.); *see also Williams*, 557 F. App'x at 301.

The Louisiana Supreme Court has further elaborated on the distinction between a continuous and discontinuous tort: "[t]he inquiry is essentially a conduct-based one, asking whether the tortfeasor perpetuates the injury through overt, persistent, and ongoing acts." *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So.3d 991, 1003.

The present case is comparable to *Bayou Fleet*, where the plaintiff applied multiple times to have its property rezoned but was denied each time. 2011 WL 162098 at *1. The plaintiff argued violations of Substantive Due Process and Equal Protection. *Id.* The court declined to apply the continuing tort exception because the "denials of Plaintiff's rezoning requests were separate and distinct occurrences, which gave rise to separate causes of action for the alleged injury that occurred on those specific dates." *Id.* at *4 (citing *Blacher v. BASF Corp.*, 1999 WL 197152 (5th Cir. 1999) (where an employer's failure to promote the plaintiff on multiple occasions did not constitute a continuous tort.)).

In this case, while there may have been on-going injury to Plaintiff because she was unable to operate her food truck, it was not the result of a continuing tort. Each denial of the permit and council meeting that was alleged by Plaintiff was distinct, happening weeks or months apart. Each of the actions, as pled by Plaintiff, could have given rise to a separate claim for preventing her from running a lawful business. The actions by Defendants, even when viewed in the light most favorable to Plaintiff, are discontinuous. Plaintiff has not provided any authority or argument to show otherwise.

The Court finds that Plaintiff has not sufficiently pled a continuing tort. Each action she alleges as tortious is subject to its own one-year prescriptive period. Thus, any action that is alleged

to have happened before March 10, 2022, has prescribed and will be dismissed without prejudice. Any action that is alleged to have happened on or after March 10, 2022, has not prescribed and will not be dismissed.

### IV. LEAVE TO AMEND

"Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). "A court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1995). In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, the court said:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

313 F.3d 305, 329 (5th Cir. 2002). Further:

> As the numerous case[s] . . . make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one

11

>that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

*JMCB, LLC*, 336 F. Supp. 3d at 642 (quoting 5B Charles A. Wright, Arthur R. Miller, *et al., Federal Practice and Procedure* § 1357 (3d ed. 2016)).

Thus, the Court will, in accordance with wise judicial practice, allow Plaintiff leave to amend to her *Complaint* to cure the above deficiencies, if she can do so. *See Watkins v. Gautreaux*, 515 F. Supp. 3d 500, 519 (M.D. La. 2021) (deGravelles, J.) (citing, *inter alia*, *Fetty v. La. State Bd. Of Private Sec. Exam'rs*, No. 18-517, 2020 WL 520026 at *15 (M.D. La. Jan. 31, 2020) (deGravelles, J.)).

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Penalty, Punitive, or Exemplary Damages* (Doc. 6) and *Motion to Dismiss* (Doc. 8) filed by City of Baker and Mayor Darnell Waites, individually and in his official capacity as Mayor of the City of Baker, are both **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that with respect to Defendants' *Motion to Dismiss Penalty, Punitive, or Exemplary Damages* (Doc. 6) against Mayor Darnell Waites individually and Defendants' *Motion to Dismiss* (Doc. 8) Plaintiff's claims arising from actions on or after March 10, 2022, the *Motions* are **DENIED**.

**IT IS FURTHER ORDERED** that with respect to Defendants' *Motion to Dismiss Penalty, Punitive, or Exemplary Damages* (Doc. 6) against the City of Baker and Mayor Darnell Waites in his official capacity, and Defendants' *Motion to Dismiss* (Doc. 8) Plaintiff's claim

against Mayor Darnell Waites in his official capacity and her claim pursuant to the Fifth Amendment, the *Motions* are **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that with respect to Defendants' *Motion to Dismiss* (Doc. 8) Plaintiff's claims arising from actions before March 10, 2022, the *Motion* is **GRANTED**, and those claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-eight (28) days from the Court's ruling on both of Defendants' *Motions to Dismiss* (Doc. 6 and Doc. 8) in which to cure the above deficiencies in her claims arising from actions before March 10, 2022. If Plaintiff fails to do so, all remaining deficient claims will be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on November 6, 2023.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**